**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
CHAD ROMERO, Individually and       )
For Others Similarly Situated,      )
                                    )
                Plaintiff,          )
                                    )
v.                                  )   No. 19-mc-91493
                                    )
SMITH MANAGEMENT AND                )
CONSULTING, LLC,                    )
                                    )
                Defendant.          )
_____ )

**MEMORANDUM AND ORDER**

JULY 6, 2020

Saris, D.J.

**INTRODUCTION**

Defendant Smith Management and Consulting, LLC ("Smith Management") brings this motion to certify an interlocutory appeal of an order enforcing its compliance with a non-party subpoena. The subpoena seeks the contact information of potential collective action members who worked for Smith Management in order to provide them with notice of an action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") pending before this Court, Romero v. Clean Harbors Surface Rentals USA, Inc. ("Underlying Action"), 404 F. Supp. 3d 529, 535 (D. Mass. 2019). The Court had previously ordered defendant Clean Harbors to provide this information about its

1

solids control workers, including those whom Clean Harbors deemed independent contractors working for Smith Management. Clean Harbors objected that some workers had arbitration agreements, but this Court held those workers should nonetheless receive notice and denied Clean Harbors' motion for interlocutory appeal.

Because Clean Harbors did not have the contact information, on October 30, 2019, Romero filed a motion in the Southern District of Texas to enforce a subpoena served on Smith Management, or in the alternative, to transfer the matter to this Court. Romero v. Smith Management & Consulting, LLC., No. 4:19-mc-3240 (S.D. Tex.). The next day, Judge Vanessa D. Gilmore transferred the motion to this Court pursuant to Federal Rule of Civil Procedure 45.

On November 1, 2019, Smith Management filed a motion for a protective order in the Southern District of Texas to quash the same subpoena. In re Smith Management & Consulting, LLC, No. 4:19-mc-3268 (S.D. Tex.). On November 14, 2019, apparently unaware of Judge Gilmore's action, Judge Lynn N. Hughes granted the motion for a protective order. Disturbingly, Smith Management did not notify Judge Hughes when it had learned of Judge Gilmore's earlier transfer decision.

Now Smith Management protests that it should not be required to provide contact information for 136 workers who

2

signed arbitration agreements, relying on In re J.P. Morgan Chase Co., 916 F. 3d 494, 499 (5th Cir. 2019). The Court already rejected that argument in the underlying action, although it amended the class certification decision to exclude workers with enforceable arbitration agreements. See Romero, 404 F. Supp. 3d at 534 ("[T]he Court finds that it is within its discretion . . . to facilitate notice to the Arbitration Workers even though some of them might be banned from joining this collective action because they are subject to valid, enforceable Arbitration Agreements.") Accordingly, in the action transferred from the Southern District of Texas, this Court largely upheld the magistrate judge's order enforcing the subpoena against Smith Management.

Now, Smith Management moves for the Court to certify an interlocutory appeal of two questions: (1) whether individuals subject to arbitration agreements are entitled to notice of a collective action; and (2) whether an order in one district court quashing a subpoena against a defendant who is a non-party to an underlying suit is binding on another district court.

Smith Management's motion to certify an interlocutory appeal [Docket No. 36] is **DENIED**.

3

**ANALYSIS**

I. **Interlocutory or Final Decision**

The threshold issue is whether the Court's discovery order is an interlocutory or final decision. This turns out not to be a simple question. "Ordinarily, litigants may not seek immediate appeal of discovery orders because they are not final decisions and orders of the district court." Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 397 (1st Cir. 2005). A party can gain the right of appeal only by defying it and appealing the contempt order. Id. One exception is where the documents sought are in the hands of a third party that "lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." Id. (quoting Church of Scientology v. United States, 506 U.S. 9, 18 n.11 (1992)). This exception does not apply here because Smith Management has a stake in not producing its own documents and has been strenuously mounting the judicial barricades to thwart their production.

The analysis is complicated here by the fact that the order against Smith Management disposes of the ancillary proceeding transferred from the Southern District of Texas. The circuits have split on whether a party may immediately appeal an order to enforce or quash a discovery subpoena in an ancillary proceeding in one district when the underlying action is in another district. To prevent piecemeal litigation, some courts do not

allow immediate appeal of discovery orders in ancillary proceedings, particularly where the ancillary and main proceedings are in the same circuit. See Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 574 n.5 (2d Cir. 2005) ("When one district court denies a motion to compel a third-party subpoena issued by another court in the same circuit, the denial is not immediately appealable, even though it may represent the only issue pending before the court asked to compel the third-party subpoena."); In re Subpoena Served on Cal. Pub. Utils. Comm'n, 813 F.2d 1473, 1476 (9th Cir. 1987) ("[I]f the district court denied a nonparty's motion to quash, the nonparty could obtain review only by electing to ignore the subpoena and appeal the ensuing contempt citation. . . . An exception to the general rule arises . . . when a subpoena is issued by a district court in favor of a nonparty in connection with a case pending in a district court of another circuit."); Hooker v. Continental Life Ins. Co., 965 F.2d 903, 905 (10th Cir. 1992) ("Because the same circuit court will have jurisdiction to review both the discovery order and the final adjudication of the main action, appellate review of the order denying discovery will not be foreclosed by delaying review until a final adjudication of the entire action.").

In some circumstances, in order to protect the right to appeal, other courts permit immediate appeal as a "final order"

in the ancillary proceeding. See In re Madden, 151 F.3d 125, 127 (3d Cir. 1998) (considering final an order denying a motion to enforce subpoena in the Western District of Pennsylvania where the underlying action was in the District of Connecticut "because we are the only forum that may review the decision"); Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1020-22 (Fed. Cir. 1986) (considering final an order by West Virginia district court that "granted a motion to quash a subpoena relating to litigation pending in [a] California district court, which ha[d] no jurisdiction" over the non-party that sought to quash); Ariel v. Jones, 693 F.2d 1058, 1059 (11th Cir. 1982) (considering final an order quashing subpoena against non-party where the main action was pending in another district because the order "was a final disposition of all issues pending before [the district court] and was not merely a step toward final disposition of the merits"). The twin goals of these cases are to avoid piecemeal litigation but also to preserve a party's right to appeal.

In this case, although it is technically an ancillary proceeding, the case was transferred to the same court with jurisdiction over the underlying action pursuant to Fed. R. Civ. P. 45(f). In this procedural posture, this Court concludes that the discovery order requiring enforcement of the subpoena in the ancillary proceeding is not a final order under 28 U.S.C.

§ 1291, even though it disposes of the ancillary proceeding. To obtain a final order, Smith Management would need to "refuse compliance, be held in contempt, and then appeal the contempt order." Church of Scientology, 506 U.S. at 18 n.11.

Because no contempt order has issued and as the parties seem to agree, the Court will apply the standard for an interlocutory appeal.

I. **Certification for Interlocutory Appeal**

Smith Management argues that this Court should certify an interlocutory appeal of the order enforcing the subpoena. Under 28 U.S.C. § 1292(b), the Court may certify an interlocutory appeal where the order "1) involves a controlling question of law 2) as to which there are grounds for a substantial difference of opinion and 3) an immediate appeal would materially advance the ultimate termination of the litigation." Meijer, Inc. v. Ranbaxy Inc., 245 F. Supp. 3d 312, 314-15 (D. Mass. 2017). The First Circuit has long held that interlocutory review "is meant to be used sparingly, and appeals under [§ 1292(b)] are, accordingly, hen's-teeth rare." Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004).

District courts exercise broad discretion in managing discovery matters. Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003). The Court also has broad discretion in managing notice to potential

7

members of FLSA collective actions. See Bigger v. Facebook, Inc., 947 F.3d 1043, 1046-47 (7th Cir. 2020) ("The court overseeing the action has discretion to authorize the sending of notice to potential plaintiffs, informing them of the opportunity to opt in.").

Smith Management argues that the controlling question of law is whether workers with arbitration agreements should get notice at all. However, Smith Management may not have standing to challenge the enforceability of arbitration agreements in litigation against Clean Harbors. As a matter of case management, this Court must resolve how best to address the question of the enforceability of the arbitration agreements by Clean Harbors. If it prevented any notification, the Court would essentially be entrusting to Smith Management this decision-making power without giving the workers any voice. The Court has the discretion to determine how to notify potential members of the class in order to sort out this issue. Bigger, 947 F.3d at 1046-47. Moreover, this case is on the verge of settlement. An interlocutory appeal would further delay the hearing to approve the settlement which has been set for August 2020.

As to the second interlocutory question regarding conflicting district court orders, Smith Management manufactured this ground. As detailed above, Smith Management did not inform Judge Hughes of Judge Gilmore's order transferring the motion to

8

enforce to the District of Massachusetts, and Smith Management provides no authority that Judge Hughes' order should take precedence over this Court's. The protective order issued in the Southern District of Texas is not a basis for interlocutory appeal of this Court's order enforcing the subpoena.

## ORDER

For the reasons above, Smith Management's motion for certification of an interlocutory appeal [Docket No. 36] is **DENIED**. Smith Management shall produce the subpoenaed documents as ordered by the Court within 7 days of this Order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge