**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHAD ROMERO, Individually and for Others Similarly Situated,<br><br>v.<br><br>SMITH MANAGEMENT AND CONSULTING, LLC | Case No. 1:19-mc-91493-PBS |

**ROMERO'S NOTICE OF SMITH'S NONCOMPLIANCE WITH THIS COURT ORDER AND MOTION TO HOLD SMITH IN CONTEMPT OF COURT**

**1. Summary.**

Chad Romero brought an overtime lawsuit against Clean Harbors Surface Rentals (Clean Harbors). *See Romero v. Clean Harbors Surface Rentals USA, Inc.*, No. 18-10702-PBS (D.Mass.). Romero sought, and was granted, the right to send other workers who performed work for Clean Harbors a court-approved notice of their rights against Clean Harbors. Smith Management and Consulting, LLC (Smith) has information related to 136 workers and was ordered to produce it in response to a third-party subpoena and this Court's Order. Doc. 41. Despite the Court's Order, Smith has refused to produce the subpoenaed documents. Communications with Smith reflect Smith does not intend to comply. Romero seeks for the Court to hold Smith in contempt of court.

**2. Applicable law.**

A court's authority to impose sanctions and costs derives from several independent sources: (1) Federal Rule of Civil Procedure 11; (2) 28 U.S.C. § 1927; and (3) the Court's inherent power to manage its own proceedings. *Johnson v. Cont'l Airlines Corp.*, No. CV 03-11992-PBS, 2008 WL 11510809, at *2 (D. Mass. Feb. 22, 2008) (Saris, J). In addition to the power to impose sanctions under Rule 11 and the power to impose costs and expenses under 28 U.S.C. § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who

appear before it through the issuance of orders or the imposition of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior. *See id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-50 (1991)). Further, this Court's Order was in effect and was violated. Discovery sanctions can be imposed under Fed. R. Civ. P. 37 (b)(2). *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir.1991). Smith should be sanctioned for flagrantly rebuking this Court's Order.

3. **Sanctions in the form of a contempt order are appropriate because Smith refused to produce Court-Ordered Documents.**

Pursuant to this Court's Order dated July 6, 2020, Smith had 7 days to produce the subpoenaed documents. Doc. 41 at *9. Smith knowingly refused to produce the documents and violated the Order. Sanctions are appropriate under this Court's inherent power and Fed. R. Civ. P. 37. Accordingly, Romero request the Court enter an Order holding Smith in civil contempt of Court.

4. **Conclusion.**

Romero puts the Court on notice of Smith's non-compliance and respectfully requests the Court enter a contempt order against Smith.

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Richard M. Schreiber**
    State Bar No. 24056278
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, on August 6, 2020.

*/s/ Richard M. Schreiber*
Richard M. Schreiber

**Certificate of Conference**

I hereby certify that I conferred telephonically and via email with counsel for Smith on multiple occasions. Smith is opposed to this motion and will not produce the documents subject to the subpoena.

*/s/ Richard M. Schreiber*
Richard M. Schreiber